## Jones v. Cen-Penn Food and Appliance Service, Inc., et al.

*McNees, Wallace & Nurick,* for plaintiff.
*Compton, Handler & Berman,* for defendants.

SOHN, J., February 21, 1955.—We have before us a motion made by defendants for a protective order under Rule 4012(*a*) of the Pennsylvania Rules of Civil Procedure.

The matter involves an action in assumpsit in which plaintiff complains of a breach of a written employment contract. Defendants in their answer deny the alleged breach and aver that plaintiff's discharge was based upon cause in that he violated the written agreement of employment in the particulars set forth in the answer.

Paragraph 8 of plaintiff's complaint alleges:

"8. On or about May 29, 1953, plaintiff was discharged without cause by Cen-Penn and Orbach in violation of the aforementioned written agreement."

58

The answer filed by defendants contains the following answer to paragraph 8 of plaintiff's complaint:

"8. The averments contained in paragraph 8 of the first count in the complaint heretofore filed herein are denied and on the contrary the defendant Cen-Penn Food & Appliance Service, Inc., and the defendant Nathan Orbach aver that the plaintiff was discharged by named defendants on or about the 29th day of May, 1953 for the reason that the plaintiff had violated the written agreement heretofore entered into between the parties on February 10, 1953 and a copy of which written agreement is attached to the Complaint of the plaintiff and marked exhibit "A", in the following particulars:

"(a) That the plaintiff failed to comply with paragraph 5(a) of the aforementioned written agreement in the management, direction and superintendence of the business of the defendant Cen-Penn Food & Appliance Service, Inc., in that he totally ignored, resisted and violated the direction, instructions and control of Cen-Penn Food & Appliance Service, Inc., under which he was subject at all times in his work.

"(b) The plaintiff violated paragraph 5(b) of the aforementioned written agreement in that he failed to properly and adequately direct and superintend the work of the employees of Cen-Penn Food & Appliance Service, Inc.

"(c) The plaintiff violated paragraph 5(c) of the aforementioned written agreement in that the plaintiff ignored, resisted, violated and specifically refused to keep, observe and conform to the rules, regulations and duties prescribed by Cen-Penn Food & Appliance Service, Inc.

"(d) The plaintiff violated paragraph 5(d) of the aforementioned written agreement in that he failed and refused to keep the books and accounts of records of the business as prescribed by Cen-Penn Food &

Appliance Service, Inc. thereby resulting in a chaotic business condition with the resulting loss to Cen-Penn Food & Appliance Service, Inc.

"(e) The plaintiff violated paragraph 5(f) of the aforementioned written agreement in that he refused to accept the general responsibility for the operation of the business of Cen-Penn Food & Appliance Service, Inc.; refused, resisted and failed to manage, direct and superintend the buying, merchandising and advertising in connection with said business and failed to manage, direct and superintend the credit department in connection with said business.

"(f) The plaintiff specifically violated paragraph 6 of the aforementioned written agreement in that he failed to devote all his time to his duties as general manager of Cen-Penn Food & Appliance Service, Inc., disclosed without the written consent of Cen-Penn Food & Appliance Service, Inc., information of a confidential nature which came to his knowledge in the course of his employment and incurred debts and obligations for or on account of Cen-Penn Food & Appliance Service, Inc., which were improper."

After an answer had been filed by defendants, counsel for the various parties orally agreed upon the taking of the deposition of Nathan Orbach upon oral examination, pursuant to Rule 4007 of the Pennsylvania Rules of Civil Procedure. Orbach appeared for the oral examination at the time and place agreed upon. Counsel for defendants then requested a statement of the scope of the proposed examination and counsel for plaintiff made the following reply:

"To aid us in preparation and trial, we propose to develop the facts behind the vague and general subparagraphs of paragraph 8 of defendant's answer. We feel that our inquiry will substantially aid us in our preparation and trial of this case. I think it is fully within the scope of 4007(a)."

Counsel for defendants then objected to the proposed scope of the examination and followed it by filing the motion for a protective order under rule 4012(a).

Without going into a long discussion of the changes effected on July 1, 1954, in the Pennsylvania Rules of Civil Procedure, it suffices us to say in considering this case that the only question which we have before us is whether the discovery sought here will be "of substantial aid to the plaintiff" either in the preparation of his pleadings or in the preparation of his case, or in the trial of his case. After reading the allegations of the complaint and the answers made thereto, it is hardly conceivable that the information sought by the plaintiff would substantially aid him in the preparation of or trial of his case. There is only one simple issue here and that is "Was there legal cause for the discharge of the plaintiff from his employment?" Plaintiff alleges that he was discharged without cause. Defendants, in their answer, deny this and in paragraph 8 aver with particularity the conduct and acts of plaintiff which legally justified his discharge. The acts and conduct complained about pertain to plaintiff alone. He certainly has complete and full knowledge whether he was guilty of the acts of commission or omission averred in the answer. Conceivably, defendants can have no unique information concerning the acts about which plaintiff himself does not have knowledge. It is more reasonable to believe that plaintiff knows more about his own conduct during his employment with defendants than defendants themselves. We believe to allow discovery here would mean to sanction an unlimited fishing expedition on the part of plaintiff. This is not the intention of the rules as amended on July 1, 1954, even if those rules are given a most liberal construction. Accordingly, we make the following

*Order*

And now, February 21, 1955, the depositions requested by plaintiff shall not be taken and there shall be no inquiry into the matters set forth by plaintiff constituting the subject of the examination.